[Cite as *State v. Henson*, 2019-Ohio-1966.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-695 |
| | | (C.P.C. No. 18CR-1573) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Michael W. Henson, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 21, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Jeremy A. Roth*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Michael W. Henson, appeals from a judgment entry of the Franklin County Court of Common Pleas convicting him of two counts of robbery. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} In April 2018, plaintiff-appellee, State of Ohio, indicted Henson on two counts of robbery in violation of R.C. 2911.02, one as a second-degree felony and the other as a third-degree felony. Henson pleaded not guilty and waived his right to be tried by jury. The matter was tried before the court in July 2018. As pertinent to this appeal, the following evidence was adduced at trial.

{¶ 3} Eighty-two year old Jean Hazell testified that she went to the Kroger grocery on Eakin Road in Franklin County, Ohio on March 13, 2018. After placing her groceries in her car, she took the shopping cart to the cart return area. As she turned around to go to

her car, a man, later identified as Henson, stood in front of her. Her purse was over her left shoulder and she was holding it with her left hand. When Henson grabbed for her purse, she hit him with her right hand. Henson took hold of the purse and pushed Hazell in the middle of her chest. Hazell lost her balance and fell backward, but not "all the way to the ground," causing her to release the purse. (July 17, 2018 Tr. at 15.) Henson ran with the purse to a nearby car and drove away. When the responding police officer asked Hazell if she needed medical assistance, she said that was unnecessary. Hazell indicated at trial that she has arthritis in her hands, but she also described continued swelling and soreness in one of her hands as a result of the robbery. In particular, she testified that "this middle finger has been bothering me since the incident and the swelling has not gone down. * * * I know ever since then my hand has been sore. But on a whole, I wasn't, you know, sore or hurt." (Tr. at 19, 20.)

{¶ 4} Columbus Police Officer Robert Altherr responded to the scene of the robbery. Hazell was visibly shaken but was able to give Officer Altherr a description of the suspect and his vehicle. He asked her if she was injured. She responded that she was sore, "that she had been thrown down and that her hand hurt, but she did not request a medic at the time." (Tr. at 28.) Thus, while Hazell reported injuries, she did not require immediate medical attention. Based on the information provided to Officer Altherr, which he aired over the police radio, Columbus Police Officer Timothy Maclellan soon located Henson and detained him.

{¶ 5} Columbus Police Detective Bradley Thomas took a photograph of Hazell's injured left hand approximately one week after the incident. Hazell identified her left middle finger as the injured finger. A few days later, Detective Thomas interviewed Henson at police headquarters. During the recorded interview, which was played at trial, Henson confessed to forcibly taking Hazell's purse.

{¶ 6} Based on the evidence at trial, the court found Henson guilty on the two counts of robbery. For the purpose of sentencing, the court merged the two counts. The court imposed a sentence of 30 months of community control with a suspended prison sentence of 4 years. The court further certified that Henson had been in jail for 138 days as of the date of sentencing.

{¶ 7} Henson timely appeals.

## II.  Assignment of Error

{¶ 8}  Henson assigns the following error for our review:

> The trial court erred when it entered judgment against appellant when the evidence was insufficient to sustain the convictions and was against the manifest weight of the evidence.

## III.  Discussion

{¶ 9}  In Henson's sole assignment of error, he alleges his robbery convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. This assignment of error lacks merit.

{¶ 10} Henson was convicted of committing robbery in violation of R.C. 2911.02(A)(2), a second-degree felony, and robbery in violation of R.C. 2911.02(A)(3), a third-degree felony.  The second-degree felony statute, R.C. 2911.02(A)(2), provides that "[n]o person, in attempting or committing a theft offense * * * shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]"  The term "[p]hysical harm" includes "any injury * * * regardless of its gravity or duration."  R.C. 2901.01(A)(3).  The third-degree felony statute, R.C. 2911.02(A)(3), provides that "[n]o person, in attempting or committing a theft offense * * * shall * * * [u]se or threaten the immediate use of force against another."  "Force" is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."  R.C. 2901.01(A)(1).

{¶ 11} While Henson's sole assignment of error generally alleges both of his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence, his arguments only relate to his second-degree felony robbery conviction on sufficiency and manifest weight grounds.  He concedes he committed a theft offense and that he used force against the victim as part of that theft; thus, he admits that he committed a third-degree felony robbery.  At issue in this appeal is whether there was sufficient evidence to support the physical harm element of Henson's second-degree felony robbery conviction, and whether the trial court's finding that he committed the second-degree felony robbery was against the manifest weight of the evidence.

### A.  Sufficiency of the Evidence

{¶ 12} Whether there is legally sufficient evidence to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  Sufficiency is a test of adequacy.

*Id.* The relevant inquiry for an appellate court is whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow any rational trier of fact to find the essential elements of the crime proven beyond a reasonable doubt. *State v. Mahone*, 10th Dist. No. 12AP-545, 2014-Ohio-1251, ¶ 38, citing *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, ¶ 37. "[I]n a sufficiency of the evidence review, an appellate court does not engage in a determination of witness credibility; rather it essentially assumes the state's witnesses testified truthfully and determines if that testimony satisfies each element of the crime." *State v. Bankston*, 10th Dist. No. 08AP-668, 2009-Ohio-754, ¶ 4.

{¶ 13} We find the evidence reasonably supported a determination that Henson inflicted physical harm on Hazell when he stole her purse. After Hazell loaded her car with groceries and placed the shopping cart in the return area, Henson confronted her and grabbed at her purse. She initially was able to resist by hitting him with her right hand. However, the struggle ended when Henson pushed Hazell in the chest and she fell backward. It is unclear whether Hazell fell all the way to the ground when Henson pushed her. She told the responding officer that she had been "thrown down," but at trial she did not recall being pushed all the way to the ground. Even so, the evidence demonstrated that Henson struggled with Hazell and then pushed her with sufficient force that she fell backward and lost hold of the purse. Hazell reported to the responding officer that she had injured her hand in the incident, and the photographic evidence presented at trial showed swelling in her left hand middle finger. Thus, the evidence at trial reasonably demonstrated that Henson inflicted physical harm on Hazell when he stole her purse. Consequently, we conclude that sufficient evidence supported Henson's second-degree felony robbery conviction.

### B. Manifest Weight of the Evidence

{¶ 14} Determinations of credibility and weight of the testimony are primarily for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. The jury, or the court in a bench trial, may take note of inconsistencies at trial and resolve them accordingly, "believ[ing] all, part, or none of a witness's testimony." *State v. Raver*, 10th Dist. No. 02AP-604, 2003-Ohio-958, ¶ 21, citing *State v. Antill*, 176 Ohio St. 61, 67 (1964). Therefore, "[w]hen a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a

' "thirteenth juror" ' and disagrees with the factfinder's resolution of the conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982); *see State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, ¶ 20 ("a prerequisite for any reversal on manifest-weight grounds is conflicting evidence"). However, an appellate court considering a manifest weight challenge "may not merely substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Harris*, 10th Dist. No. 13AP-770, 2014-Ohio-2501, ¶ 22, citing *Thompkins* at 387. Appellate courts should reverse a conviction as being against the manifest weight of the evidence only in the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶ 15} While Henson generally asserts a manifest weight challenge, he does not identify any evidence in conflict with the evidence supporting his second-degree robbery conviction. He simply asserts the totality of evidence demonstrates that his second-degree felony conviction is against the manifest weight of the evidence. Based on our review of the record, however, we do not find the trial court clearly lost its way in finding Henson guilty of committing a second-degree felony robbery. Considering Hazell's unrebutted testimony regarding the robbery, the photographic evidence supporting her testimony regarding her injured finger, and Henson's recorded admission that he committed the underlying theft, the weight of the evidence overwhelmingly supported this conviction.

{¶ 16} Because Henson fails to demonstrate that his convictions were not supported by sufficient evidence or were against the manifest weight of the evidence, we overrule his sole assignment of error.

## IV. Disposition

{¶ 17} Having overruled Henson's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.

———————————————